PROB. 12B
(7/93)

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 18 2006

at １ o'clock and 40 min P M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: GRANT MACK               Case Number: CR 02-00287SOM-03

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 7/1/2003

Original Offense:    Conspiracy to Possess With Intent to Distribute and Distribute in Excess of 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony

Original Sentence:   Fifty-one (51) months imprisonment, to be followed by four (4) years of supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) That the defendant provide the Probation Office access to any requested financial information.

Modified
Sentence:            On 4/14/2006, the Court modified the conditions of supervision to include the following revised conditions: General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day; and Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

|  |  |
|---|---|
|  | The Court also modified the conditions of supervision to include the following new special condition:  5) That the defendant serve up to three (3) months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office. |
| Modified Sentence: | On 7/14/2006, the Court modified Special Condition No. 5 as follows:  That the defendant serve up to six (6) months community confinement in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office. |

Type of Supervision: Supervised Release     Date Supervision Commenced: 4/24/2006

## PETITIONING THE COURT

[X]   To modify Special Condition No. 5 as follows:

*Special Condition No. 5:*   *That the defendant serve up to nine (9) months community confinement in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

## CAUSE

On 4/14/2006, Your Honor was informed that the subject had not secured a residence plan prior to his release from federal custody. To ensure that the subject would not become homeless, our office recommended that the Court modify the conditions of supervision to require him to serve up to three (3) months community confinement at Mahoney Hale. In light of U.S. vs. Stephens, our office also recommended that the Court modify the mandatory drug testing condition. We also requested that Special Condition No. 1 be modified to include updated language. Your Honor concurred with these recommendations.

Prob 12B
(7/93)

3

On 7/11/2006, Your Honor was informed that the subject was experiencing difficulty in securing gainful employment and did not have the finances to secure a residence on his own. Our office recommended that Special Condition No. 5 be modified to allow for up to six (6) months community confinement. Your Honor concurred with this recommendation.

Since our last report, the subject secured part-time employment with a market research company in August 2006. In addition, the subject enrolled in a computer training course through the Division of Vocational Rehabilitation (DVR). Unfortunately, the subject has not been able to save enough money over the past several months to secure adequate housing for himself. To assist him in budgeting his income, the subject has been recently required by staff at Mahoney Hale to save all of his pay except for a meager stipend. Mahoney Hale recommends that the subject be allowed to remain in their program for an additional three (3) months to allow him to build his savings in order to later secure adequate housing.

To his credit, the subject has been compliant with the conditions of supervision and abided by the rules at Mahoney Hale. The subject's ability to secure and maintain meaningful employment has been hampered by his obesity, asthma, and difficulty with standing for long periods of time. He completed group and individual drug counseling at Freedom Recovery Services (FRS). Additionally, he continues to attend weekly mental health counseling with Dr. Kevin Connors.

As a result of the above, we respectfully recommend that Special Condition No. 5 be modified to allow for up to nine (9) months community confinement. The addition of three (3) months at Mahoney Hale should allow the subject to save up enough money to secure his own residence. He has been advised that future extensions of his stay at Mahoney Hale will not be recommended by our office.

Prob 12B
(7/93)

4

As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objection to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed change to Special Condition No. 5.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 10/18/2006

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[ ]     Other

SUSAN OKI MOLLWAY
U.S. District Judge

10/18/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

*Special Condition No. 5:*     *That the defendant serve up to nine (9) months community confinement in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

Witness: _____        Signed: _____
FRANK M. CONDELLO, II                                  GRANT MACK
U.S. Probation Officer                                        Supervised Releasee

10/18/06
Date